UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AARON ROBERT ALFORD,<br><br>        Plaintiff,<br><br>   v.<br><br>PACIFICA POLICE DEPARTMENT,<br><br>        Defendant. | Case No. 17-cv-00524-JSC<br><br>**ORDER DISMISSING IN PART, STAYING, AND ADMINISTRATIVELY CLOSING CASE** |

## INTRODUCTION

Plaintiff, a pretrial detainee in San Mateo County, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Pacifica Police Department.[1]  Plaintiff's application to proceed *in forma pauperis* is granted in a separate order.  For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. 7.)

United States District Court
Northern District of California

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### LEGAL CLAIMS

Plaintiff complains that his arrest, current incarceration, and prosecution are unlawful. He seeks to have all the charges pending against him dismissed, and he claims that he is entitled to money damages. As to the dismissal of his charges, a writ of habeas corpus is the "exclusive remedy" for an inmate who seeks "immediate or speedier release" from confinement. *Skinner v. Switzer*, 561 U.S. 521, 525 (2011). A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Therefore, Plaintiff's claim seeking to dismiss his criminal charges must be dismissed without prejudice to refiling in a petition for a writ of habeas corpus.

Because Plaintiff's claims would --- if proven true --- invalidate his currently pending charges, his claims for money damages are stayed until his criminal prosecution ends. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). If Plaintiff is convicted, his claims for money damages will be dismissed; if he is not convicted, his claims for money damages may proceed at that time. *See id.* at 394.

2

1

2 **CONCLUSION**

3      The complaint is DISMISSED IN PART. The claims seeking dismissal of the charges

4 against Plaintiff are DISMISSED without prejudice to refiling in a petition for a writ of habeas

5 corpus filed in a new case. The case is otherwise STAYED pending resolution of Plaintiff's

6 criminal proceedings. If Plaintiff wants to proceed with his remaining claims, i.e. his claims for

7 money damages, he must file a motion to lift the stay within 28 days of the date his criminal

8 proceedings are resolved in state court.

9      The Clerk shall administratively close the file.

10      **IT IS SO ORDERED.**

11 Dated: April 27, 2017

12

13

14 JACQUELINE SCOTT CORLEY
United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28